Monica S. Call (11361)
mcall@foley.com
Ellen E. Ostrow (14743)
eostrow@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8952

*Attorneys for Plaintiff*

---

## IN AND FOR THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UINTA BANK, a Wyoming state chartered, FDIC insured bank, <br><br> Plaintiff, <br><br> v. <br><br> SUNTUITY SOLAR LIMITED LIABILITY COMPANY, a New Jersey corporation, <br><br> Defendant. | **COMPLAINT** <br><br> Civil No. <br><br> Judge <br><br> JURY DEMAND |

Plaintiff Uinta Bank ("***Uinta***") hereby alleges and complains against defendant Suntuity

Solar Limited Liability Company ("***Suntuity***") as follows:

### PARTIES, JURISDICTION, & VENUE

1.       Uinta Bank is an FDIC insured state chartered bank with its principal place of

business in Wyoming.

2.       Suntuity is a New Jersey corporation with its principal place of business in

Holmdel, New Jersey.

3.      This court has jurisdiction over Suntuity pursuant to 28 U.S.C. § 1332. Suntuity entered into a written contract with Empire (defined herein), a company with its principal place of business in Utah, and filed a UCC-1 financing statement in Utah. Suntuity, upon information and belief, agreed to purchase a 60% majority share in Empire. When Empire filed for chapter 7 bankruptcy relief, Suntuity appeared before the United States Bankruptcy Court for the District of Utah, actively participated in the bankruptcy case, submitted a proof of claim, and purchased substantially all of Empire's assets. Suntuity is also registered as a foreign company in Utah and, upon information and belief, has provided services to Utah residents.

4.      The amount in controversy is over $75,000, and this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Further, pursuant to 28 U.S.C. § 1391, venue is proper before this court based on the facts described above.

## GENERAL ALLEGATIONS

***Uinta Bank's First-Priority Security Interest in Empire's Accounts***

5.      On or about March 31, 2017, Uinta loaned approximately $1,136,557.73 to R & J Technical Services, LLC, which Empire Solar Group, LLC ("***Empire***") guaranteed pursuant to a Guaranty dated July 25, 2017 (the "***Guaranty***"). A true and correct copy of the Guaranty is attached hereto as Exhibit 1.

6.      The Guaranty is the subject of a security agreement dated July 27, 2017, between Empire, as the debtor, and Uinta, as the first-priority secured lender (the "***Guaranty Security Agreement***"). A true and correct copy of the Guaranty Security Agreement is attached hereto as Exhibit 2.

7.     As set forth in the Guaranty Security Agreement, Empire granted Uinta a lien and first-priority security interest in certain collateral, including without limitation, Empire's (i) Inventory, (ii) all Accounts and Other Rights to Payment, (iii) Chattel Paper, (iv) General Intangibles, (v) Equipment, (vi) Specific Property, including all rights to payment for property or services sold, leased, rented, licensed, or assigned, and (vii) all proceeds of the foregoing.

8.     The Guaranty Security Agreement and Uinta Lien secured not only the Guaranty, but also all future debts owed by Empire to Uinta. *See* Guaranty Security Agreement, ¶ 1(B).

9.     Uinta, as the first-priority secured party, filed UCC-1 financing statements with the Utah Secretary of State on February 8, 2018 and March 27, 2018, Filing Nos. 536728201840 and 539323201837. True and correct copies of the UCC-1 Financing Statements are attached hereto as Exhibit 3.

10.     On January 29, 2021, Empire and Uinta entered into a Promissory Note, No. 5430000 (the "***January Note***"). A true and correct copy of the January Note is attached hereto as Exhibit 4.

11.     Pursuant to the January Note, Uinta provided a line of credit to Empire up to $2,000,000 with a fixed rate of interest at a non-default rate of 5%.

12.     The January Note is the subject of a security agreement dated January 29, 2021 between Empire as grantor and Uinta as first-priority secured party (the "***January Note Security Agreement***"). A true and correct copy of the January Note Security Agreement is attached hereto as Exhibit 5.

13.     As set forth in more detail in the January Note Security Agreement, Empire granted Uinta a lien and first-priority security interest in certain collateral, including without limitation

3

Empire's (i) Inventory, (ii) all Accounts and Other Rights to Payment, (iii) General Intangibles, (iv) Equipment, and (v) all proceeds of the foregoing existing now or in the future.

14.     On March 24, 2021, Uinta provided an additional loan to Empire in the principal amount of $251,818.70 pursuant to Promissory Note, No. 5525000 (the "**March Note**"), which was the subject of a security agreement dated March 24, 2021. A true and correct copy of the March Note and related security agreement are attached hereto as <u>Exhibit 6</u>. The Guaranty, Guaranty Security Agreement, January Note, January Note Security Agreement, and March Note are collectively the "**Uinta Loan Documents**."

15.     Further, Empire maintained a checking account at Uinta (the "**Uinta Checking Account**"). Under applicable law, Uinta held a right of setoff, effectively a secured claim, with respect to funds deposited in to the Uinta Checking Account, in addition to the pledge of deposit accounts covered in the January Note Security Agreement.

16.     The UCC-1 Financing Statements filed by Uinta were notice to the world, including Suntuity, that Uinta claimed a perfected, first-priority security interest in Empire's (i) Inventory, (ii) all Accounts and Other Rights to Payment, (iii) General Intangibles, (iv) Equipment, and (v) all proceeds of the foregoing existing now or in the future, including all current and future rights to payments (the "**Uinta Lien**").

17.     A default exists under the January Note Security Agreements if, among others, Empire fails to make a payment in full when due, a bankruptcy is filed, it transfers all or a substantial amount of its funds or property, or if there is a material change in its business, including ownership, management, or financial condition. *See* January Note Security Agreement, ¶ 10.

18.     A default also exists under the January Note Security Agreement if Empire fails to perform any condition or keep any promise or covenant under the same, including encumbering Empire's collateral without prior written permission. *See id.*, ¶¶ 6 and 10.

***Empire's Accounts***

19.     Empire sold solar products and services to businesses and consumers in fifteen (15) states in the western, Midwestern, and southern United States.

20.     Under Empire's business model, a sales company would sell a solar job to a homeowner (each, a "***Job***"), and that homeowner would work with a financing company (the "***Financing Company***") to finance the installation of a solar project by Empire. Prior to the completion of engineering and permitting, Empire borrowed funds from Uinta to finance its costs for the Job.

21.     Once Empire completed the engineering and permitting on a Job, the Financing Company would make an initial payment to Empire (the "***M1 Payment***"), which was directly deposited in the Uinta Account.

22.     The funds deposited in the Uinta Checking Account were applied to reduce the balance owed to Uinta.

23.     Empire would then use other proceeds of the Uinta Loan to complete the Job.

24.     Each Job took, on average, approximately 45 to 60 days to complete after receipt of the M1 Payment.

25.     Upon completion of each Job, the Financing Company would pay the balance owed to Empire for the Job into the Uinta Account (the "***M2 Payment***"), which would again be used to pay down the amounts owed to Uinta.

4863-6683-8326.4

***Suntuity Converts the Accounts and/or the Proceeds Thereof***

26.     Upon information and belief, in the summer of 2021, Suntuity and Empire entered into negotiations for the potential purchase of the equity interests in or assets of Empire, entering into a binding letter of intent on July 1, 2021.

27.     In connection therewith, without the knowledge and consent of Uinta, Suntuity apparently advanced approximately $3.9 million in financing to Empire from July 1, 2021 through August 13, 2021, and Empire, in turn, granted a security interest in substantially all of its assets to Suntuity, including Empire's accounts.

28.     Without Uinta's knowledge or consent, Suntuity obtained the agreement of Empire's two principals to enter into a Letter Agreement to Acquire Membership Interest in Empire whereby they agreed to sell and Suntuity agreed to buy 60% of the equity in Empire.

29.     Empire's actions (and the actions of its principals) described above caused an Event of Default under the Uinta Loan Documents.

30.     At all times, Suntuity was aware of and had knowledge of Uinta's prior filed secured lien in substantially all the assets of Empire.

31.     On information and belief, Suntuity conducted due diligence of Empire's financial background and a Utah Uniform Commercial Code lien search prior to financing or executing any loan or purchase documents with Empire.

32.     On information and belief, Uinta's Lien was reported on the Utah Uniform Commercial Code lien searches performed by Suntuity prior to Suntuity advancing any funds or entering into any purchase agreements with Empire.

6

33.    In the alternative, if Suntuity advanced the funds without performing a Utah Uniform Commercial Code lien search, it was grossly negligent for failing to do so.

34.    Suntuity also had actual knowledge of Uinta's Lien.

35.    Specifically, while Suntuity and Empire were in discussions regarding a potential transaction, a representative of Suntuity called a representative of Uinta, and told Uinta that any transaction between Suntuity and Empire would either (1) pay off the debt owed to Uinta, or (2) assume the debt and continue payments on the amounts owed.

36.    Uinta did not agree to any proposed transaction between Suntuity and Empire, and, in response to the representations from Suntuity, informed Suntuity that any such transaction would require Uinta to conduct its own diligence (including underwriting and obtaining board approval) before it could provide its consent to the same.

37.    Uinta received no further communication from Suntuity or Empire regarding any proposed transaction.

38.    On approximately August 9, 2021, without Uinta's knowledge or consent, Suntuity began diverting the M2 Payments due to Empire, and subject to Uinta's Lien, from the Financing Companies to itself.

39.    Upon information and belief, from approximately August 9, 2021 through August 20, 2021, Suntuity, with actual and constructive knowledge of Uinta's lien, diverted certain accounts receivable and collected the proceeds therefrom in an amount in excess of $75,000 (the "***Uinta Accounts***").

40.    The Uinta Accounts, which Suntuity converted, were for Jobs completed and funded by Uinta's loans and subject to Uinta's Lien.

***Empire's Chapter 7 Bankruptcy Filing***

41.    On August 22, 2021, Empire filed for Chapter 7 relief before the United States Bankruptcy Court for the District of Utah (the "***Bankruptcy Case***"), and Steven Bailey was appointed as the Chapter 7 trustee (the "***Trustee***").

42.    Shortly after Empire filed its Bankruptcy Case, Uinta and the Trustee entered into a stipulation (the "***Stipulation***") whereby the Trustee agreed that Uinta held the first-priority security interest in substantially all of the Debtors assets. A true and correct copy of the Stipulation and order from the Bankruptcy Court approving the same is attached hereto as Exhibit 7.

43.    The Trustee continues to administer the Bankruptcy Case and is aware that Uinta is pursuing its independent causes of action against Suntuity.[1]

44.    Uinta made a demand upon Suntuity for the return of all monies collected from the wrongfully taken or converted Uinta Accounts, but Suntuity has failed and/or refused to pay the amounts owed to Uinta.

## FIRST CAUSE OF ACTION
**(Conversion)**

45.    Uinta hereby incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

46.    Suntuity's conduct, including but not limited to, its exercise of control, dominion and ownership over Empire's accounts receivable and the monies collected therefrom was

---

[1] On January 18, 2023, the Bankruptcy Court granted Uinta relief from the automatic stay to pursue its claims against Suntuity.

4863-6683-8326.4

unauthorized and wrongful as Uinta maintained a superior right and interest in such money and accounts receivable and the proceeds thereof by virtue of the Uinta Lien.

47.     At all times Uinta maintained a superior interest in substantially all of Empire's assets, including its accounts receivable and all proceeds collected therefrom.

48.     Uinta had an absolute and unconditional right to the immediate possession of the monies collected therefrom.

49.     Uinta made demand upon Suntuity for the return of all monies collected from the wrongfully converted accounts receivable, but Suntuity has failed and/or refused to return them.

50.     Suntuity acted willfully and/or with such gross negligence to indicate a wanton disregard of Uinta's rights to the Uinta Account.

51.     Accordingly, Suntuity damaged Uinta in an exact amount to be determined at trial and not less than the principal sum of $75,000.

## SECOND CAUSE OF ACTION
### (Trespass to Chattels)

52.     Uinta hereby incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

53.     Suntuity's control, dominion and ownership over Empire's accounts receivable and the monies collected therefrom was unauthorized and wrongful as Uinta maintained a superior interest in such money and accounts receivable by virtue of the Uinta Lien.

54.     At all times Uinta maintained a superior interest in Empire's accounts receivable, assets and all proceeds collected therefrom.

55.     Uinta had an absolute and unconditional right to the immediate possession of the money collected therefrom.

9

56.     Uinta made demand upon Suntuity for the return of all monies collected from the wrongfully converted accounts receivable, but Suntuity has failed and/or refused to return them.

57.     Suntuity acted willfully and/or with such gross negligence to indicate a wanton disregard of Uinta's rights to the Uinta Accounts.

58.     Accordingly, Suntuity damaged Uinta in an exact amount to be determined at trial and not less than $75,000.

## THIRD CAUSE OF ACTION
### (Breach of Implied Bailment)

59.     Uinta hereby incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

60.      Suntuity's dominion and control over the collection of monies from the accounts receivable, created an implied bailment relationship between Uinta as bailor and Suntuity as bailee.

61.     Suntuity's possession of the proceeds was held for Uinta's benefit and in trust pursuant to Uinta's Lien.

62.     Uinta made demand upon Suntuity for the return of the monies collected, but Suntuity failed and/or refused to pay such funds to Uinta.

63.     Suntuity was not entitled to retain the monies collected from the converted accounts receivable, and Suntuity damaged Uinta in an exact amount to be determined at trial and not less than $75,000.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

64.     Uinta hereby incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

4863-6683-8326.4

65.    Suntuity was enriched by collecting funds from the accounts receivable, which were subject to the Uinta Lien.

66.    Suntuity was obligated to return the monies collected from the diverted accounts receivable to Uinta pursuant to its first-priority lien.

67.    Uinta was damaged by Suntuity's failure to return the foregoing funds collected from the accounts receivable and from the use and sale of the other security subject to the Uinta Lien.

68.    It would be inequitable for Suntuity to retain the benefit of the funds collected from the diverted accounts receivable.

## FIFTH CAUSE OF ACTION
### (Tortious Interference)

69.    Uinta hereby incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

70.    Uinta has a perfected lien and an interest superior to Suntuity's in Empire's accounts receivable and the proceeds thereof.

71.    Because of its perfected and superior interest, Uinta was entitled to collect the funds generated from Empire's accounts receivable and other assets before Suntuity.

72.    Suntuity, with actual and constructive knowledge of the Uinta Lien and Uinta's superior interest in Empire's accounts receivable, interfered with Uinta's interest when it diverted those accounts receivable for its own use and gain.

73.    On information and belief, Suntuity desired to interfere with Uinta's superior interest in Empire's accounts receivable by diverting those accounts receivable with actual and constructive knowledge of the Uinta Lien and Uinta's superior interest in them.

11

4863-6683-8326.4

74.    On information and belief, Suntuity knew with substantial certainty that its diversion of Empire's accounts receivable would interfere with Uinta's lien and superior interest in those accounts receivable.

75.    Suntuity's diversion of the accounts receivable was done by improper means— namely, by diverting the accounts receivable despite Uinta's superior interest in them, by converting the accounts receivable to its own use, and by failing and/or refusing to pay to Uinta the funds it collected from the diverted accounts receivable upon Uinta's demand in breach of the implied bailment created between them.

76.    Uinta has been damaged by Suntuity's improper diversion and conversion of the accounts receivable and by its failure/refusal to pay to Uinta the monies Suntuity collected from the diverted accounts receivable.

## PRAYER FOR RELIEF

**WHEREFORE,** Uinta prays for judgment against Suntuity as follows:

A.    For damages of in an amount to be fully determined at trial;

B.    For pre and post-judgment interest and reasonable costs;

C.    For attorneys' fees; and

E.    For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uinta demands a trial by jury for all issues so triable.

DATED: February 7, 2023.

FOLEY & LARDNER LLP


*/s/ Ellen E. Ostrow*
Monica S. Call
Ellen E. Ostrow

*Attorneys for Plaintiff*

13